IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK B. FUHRER WHOLESALE COMPANY, <br>            Plaintiff, <br><br> vs <br><br> MILLERCOORS LLC, COORS BREWING COMPANY and MOLSON COORS BREWING COMPANY, <br>            Defendants. | Civil Action No. 13-1155 |

**MEMORANDUM OPINION**

ROBERT C. MITCHELL, Magistrate Judge.

## I.    INTRODUCTION

Presently before the Court is plaintiff's, Frank B. Fuhrer Wholesale Company's, motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) of this Court's Memorandum Opinion and Order granting defendant's motion to dismiss. For the following reasons, plaintiff's motion is denied.

## II.    BACKGROUND

Because the facts of this case were discussed extensively in the Court's Memorandum Opinion [ECF No. 36] and because the Court writes primarily for the parties who are familiar with the facts and procedural history, only the essential facts for determination of the present motion are recounted. The instant action was removed to this Court on August 9, 2013. After defendants filed a motion to dismiss the complaint, plaintiff filed an amended complaint on September 16, 2013 and set forth five causes of action against defendants. Defendants renewed their motion to dismiss which the Court granted on October 30, 2013.

Plaintiff argues that reconsideration is appropriate for its breach of contract claim and related declaratory judgment claim because (1) the Court did not address Section 8.4 of the Distribution Agreement in context of its breach of contract claim; and (2) the Court misinterpreted the injunctive relief sought by plaintiff. Pl.'s Mot. for Reconsideration [ECF No. 37] at ¶¶ 6-13. For the following reasons, the Court rejects both of plaintiff's arguments.

### III. ANALYSIS

#### a. Standard of Review

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Kulesa v. Rex*, 519 Fed. App'x 743 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). Plaintiff argues that the third condition applies here. To demonstrate clear error or manifest injustice, there must be a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Moreover, the motion must be based "on arguments that were previously raised but were overlooked by the Court." *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003). A motion for reconsideration pursuant to Rule 59(e) "is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made[,]" *Colon v. Colonial Intermediate Unit 20*, 443 F.Supp.2d 659, 667 (M.D.Pa. 2006) (citations omitted), and "parties are not free to relitigate issues that the Court has already decided." *Jasin*, 292 F.Supp.2d at 676 (citations omitted). Motions for reconsideration are not the proper mechanism for an unsuccessful party to rehash arguments previously rejected by the Court. *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E.D.Pa. 1991).

Under Federal Rules of Civil Procedure 60(b) and (e), a court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect" or for "any reason that justifies relief." Fed. R. Civ. P. 60(b); 60(e).

### b. *Motion for Reconsideration*

Plaintiff argues that the Court misinterpreted its argument by not considering Section 8.4 of the Distributorship Agreement in light of its breach of contract and pursuit of declaratory relief. Specifically, plaintiff argues that the Court based its decision on the mistaken belief that plaintiff relied solely on the Pennsylvania Liquor Code as its basis for its breach of contract claim and did not consider whether any independent basis for contractual liability existed under a breach of Section 8.4 read in conjunction with Section 1.2, the good faith and fair dealing provision.

Section 1.2 imposes a duty of good faith and fair dealing for the "implementation, performance and enforcement of the terms of" the Agreement. Distributorship Agreement [ECF No. 22-1] at § 1.2. Section 8.4 states in pertinent part: "Distributor may, without Coors' consent, acquire the rights to sell other brands of beer or other beverages in the Market Area or elsewhere[.] . . ." *Id*. at § 8.4.

Contrary to plaintiff's assertions, the Court considered Section 8.4 as an independent basis for plaintiff's breach of contract claim and related declaratory judgment and found that plaintiff failed to state a claim.

After quoting both sections of the distribution agreement, the Court found:

> Here, the Distribution Agreement permits, not requires, MillerCoors to amend the Distribution Agreement to give Plaintiff the distribution rights to its new beer brands. MillerCoors was under no obligation to grant Plaintiff distribution rights or the right of first refusal to MillerCoors' new craft/specialty beer brands. To read into the Agreement that MillerCoors was under the obligation

3

> to offer distribution rights of new beer brands under the good faith and fair dealing provision would override the Distribution Agreement's express terms: *i.e.*, that MillerCoors "may" grant Plaintiff distribution rights to add new products.

Memo Op. [ECF No. 36] at 13.

Plaintiff also argues that the Court misinterpreted the declaratory relief sought. Whether the Court misinterpreted the relief sought is irrelevant because the Court found that plaintiff could not state a claim for any of its causes of action. The Court dismissed plaintiff's declaratory relief as moot as plaintiff entirely failed to state a claim. *See* Memo Order [ECF No. 36] at 17.

Plaintiff has not met its burden of demonstrating that the Court's decision constituted a clear error or resulted in manifest injustice, and the Court finds that it has not done so. Plaintiff's arguments rehash arguments already litigated and decided by the Court, and ask the Court to "rethink what [it] had already thought through rightly or wrongly." *Scarnati v. Social Sec.*, 2013 WL 2253159, at *1 (W.D.Pa. May 22, 2013) (citations omitted). The arguments presented by plaintiff have been addressed by the Court, and plaintiff has not shown that an error of law has been committed or any justifiable reason for relief. Accordingly, plaintiff's motion for reconsideration is denied.

## IV. CONCLUSION

Based on the foregoing, plaintiff's motion for reconsideration [ECF No. 37] of the Court's Memorandum Opinion and Order granting defendants' motion to dismiss is DENIED. An appropriate Order follows.

DATED: December 27, 2013

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK B. FUHRER WHOLESALE COMPANY,<br>        Plaintiff,<br><br>vs<br><br>MILLERCOORS LLC, COORS BREWING COMPANY and MOLSON COORS BREWING COMPANY,<br>        Defendants. | Civil Action No. 13-1155 |

# **O R D E R**

AND NOW, this 27th day of December, 2013, upon consideration of plaintiff's, Frank B. Fuhrer Wholesale Company's, motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) of the Court's Memorandum Opinion and Order granting defendants' motion to dismiss, it is HEREBY ORDERED that plaintiff's motion for reconsideration [ECF No. 37] is DENIED.

                                                          s/Robert C. Mitchell
                                                          ROBERT C. MITCHELL
                                                          United States Magistrate Judge